UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE SNACK FACTORY, LLC, | : | |
| | : | Civil Action No. 3:09-CV-06482 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EIZEN, FINEBURG & | : | **ANSWER OF DEFENDANTS** |
| McCARTHY, P.C., BERNARD | : | **TO COMPLAINT WITH** |
| EIZEN, ROBERT KELLY | : | **AFFIRMATIVE DEFENSES** |
| and JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Defendants, Eizen, Fineburg & McCarthy, P.C., Bernard Eizen and Robert Kelly, deny liability to plaintiffs, respond to the averments of the complaint, and assert affirmative defenses:

1. Defendants are without knowledge or information sufficient to form a belief about the truth of the first sentence of paragraph 1 of the complaint. The remaining averment is denied.

2. Defendants are without knowledge or information sufficient to form a belief about whether Snack Factory became the premier marketer of pretzel crackers and whether its alleged success derives from intellectual property. It is denied that Snack Factory owns intellectual property.

3.   Denied.

4.   Defendants are without knowledge or information sufficient to form a belief about the truth of the last sentence of paragraph 4 of the complaint.  The remaining averments are denied.

5.   Denied.

6.   The averments of paragraph 6 are denied except to the extent that one or more of the defendants represented Baptista's to a limited extent in accordance with the request and consent of Snack Factory.

7.   Denied.

8.   Denied.

9.   The averment is a conclusion of law to which no response is required.

10.  Admitted.

11.  Denied.  Plaintiff's complaint does not allege any basis for damages recoverable from defendants.

12.  Venue is improper in New Jersey.

13.  Defendants are without knowledge or information sufficient to form a belief about the truth of the second sentence of paragraph 13 of the complaint. Defendants are without knowledge or information sufficient to form a belief about the truth of the third sentence of paragraph 13 of the complaint except that there are patents, copyrights and trademarks relating to Pretzel Crisps.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

The averments concerning the rights and protection provided by the patents, copyrights, and trademarks are denied to the extent they are inconsistent with the issued patents and registrations.

14. Admitted.

15. Admitted.

16. Robert Kelly is not a shareholder of Eizen, Fineburg & McCarthy P.C.

17. No response required.

18. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments except that Warren and Sara Wilson were involved with the Snack Factory business.

19. Defendants are without knowledge or information sufficient to form a belief about the truth of the second sentence of paragraph 19 of the complaint.

20. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 20 of the complaint.

21. Defendants are without knowledge or information sufficient to form a belief about whether the intellectual property related to the Pretzel Crisp is the most important and valuable asset.  It is denied that Snack Factory owns the intellectual property associated with the Pretzel Crisp.

22. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 22 of the complaint.

23. Defendants are without knowledge or information sufficient to form a belief about the truth of the first sentence of paragraph 23 of the complaint. The second sentence of paragraph 23 of the complaint is denied.

24. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 24 of the complaint.

25. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 25 of the complaint.

26. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 26 of the complaint. To the extent that paragraph 26 purports to refer to one or more written agreements between Snack Factory and Baptista's Bakery, Inc., the averments are denied to the extent inconsistent with those written agreements.

27. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 27 of the complaint.

28. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 28 of the complaint.

29. Defendants are without knowledge or information sufficient to form a belief about the date on which Snack Factory and Pepperidge Farms, Inc. began discussing an agreement concerning pretzel crackers and the substance of the discussions for which defendants were not present.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

30. Denied.

31. The prior engagements for which Mr. Eizen provided legal services were not limited to estate and tax planning. Mr. Eizen had previously provided extensive representation in connection with the Wilsons' business matters. Mr. Eizen was not involved in the lives of the Wilsons except as their lawyer for providing legal services as they requested. Mr. Eizen did not have an entre and he did not "insinuate himself" into the lives of the Wilsons.

32. Mr. Eizen's capabilities and practice are not limited to estate planning services and includes business and transactional matters involving patent and trademark rights. It is denied that defendants marketed themselves to Plaintiff or the Wilsons in an inaccurate or misleading way.

33. Denied.

34. Admitted in part, denied in part. There was no engagement letter for the Pepperidge Farm matter. There was prior documentation which indicated the basis for charges.

35. Admitted in part, denied in part. The total amount of the invoices by Eizen, Fineburg & McCarthy P.C. for the representation in connection with the Pepperidge Farm matter was not hundreds of thousands of dollars. Snack Factory did not pay all invoices in full and owes money to Eizen, Fineburg & McCarthy P.C.

36. Denied.

37. Admitted in part, denied in part.  Robert Kelly was also experienced in handling corporate transactional matters.

38. Denied.

39. Admitted in part, denied in part.  Robert Kelly did not work on any "IP licensing agreement" for plaintiff.

40. Denied.

41. Denied.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Denied.

48. Admitted in part, denied in part.  The first sentence of paragraph 48 of the complaint is denied.

49. Denied.  Defendants arranged a relationship between Snack Factory and intellectual property counsel.  Snack Factory involved intellectual property counsel for aspects of the Pepperidge Farm relationship.

50. Denied.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

51. Denied.

52. Defendants are without knowledge or information sufficient to form a belief about the truth of the averment in paragraph 52 of the complaint concerning the provisions of "the agreement the Wilsons struck with Pepperidge" Farms except to the extent expressed in the written agreements known to defendants. The Wilsons did not inform defendants they, on behalf of Snack Factory, had struck an agreement with Pepperidge Farms which met the criteria alleged in paragraph 51 of the complaint except to the extent consistent with the provisions of the written agreements between Snack Factory and Pepperidge Farms known to defendants.

53. Defendants are without knowledge or information sufficient to form a belief about the truth of averments in paragraph 53 of the complaint.

54. No response is required to the conclusions of law included in paragraph 54 of the complaint. The factual averments and contentions are denied.

55. Defendants are without knowledge or information sufficient to form a belief about the truth of the averment because the specific concepts are not concisely expressed and, in addition, the treatises, practice guides, and publications are not identified sufficient to allow a comparison to meaningfully respond to the averment of this paragraph. The remaining averments of paragraph 55 are denied.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

56. Defendants are without knowledge or information sufficient to form a belief about the truth of the averment in the first sentence of paragraph 56 of the complaint.

57. The text of the August 19, 2006 written communication, which is recited only in part in the paragraph 57 of the complaint, is denied to the extent inconsistent with the text of the written communication.

58. Denied.

59. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in 59 of the complaint.

60. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 60 of the complaint.

61. Denied.

62. Defendants deny the transactions with Pepperidge involved exceptional intellectual property licensing issues requiring exception skill and knowledge of intellectual property licensing.  The three listed items were not complicating factors.

63. The product development agreement and the contract manufacturing agreement were not drafted or negotiated in New Jersey at least to the extent defendants were involved.  The averments of paragraph 63 of the complaint

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

concerning the content of the agreements are denied to the extent inconsistent with the provisions of the agreements.

64. Admitted.

65. Denied.

66. Denied. The averment is denied because beginning of joint representation can be determined, and Snack Factory did sign the joint rep letter.

67. Admitted.

68. The averments of paragraph 68 of the complaint are denied to the extent inconsistent with the draft engagement letter.

69. The averments of paragraph 69 of the complaint are denied to the extent inconsistent with the draft engagement letter.

70. The averments in paragraph 70 of the complaint are denied to the extent inconsistent with the draft engagement letter.

71. Defendants are without knowledge or information sufficient to form a belief about whether the draft engagement letter was sent.

72. Denied.

73. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 73 of the complaint.

74. It is denied that the alleged "obvious possibility" was present in the matter for which common representation was provided.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

75. Denied.

76. Defendants are without knowledge or information sufficient to form a belief about the extent of the experience of the lawyer who represented Baptista's. It is denied that Snack Factory and Baptista's were "obviously adverse parties" in the transaction with Pepperidge Farms. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining averments of paragraph 76 of the complaint.

77. Defendants are without knowledge or information sufficient to form a belief about the truth of the averment in paragraph 77 of the complaint concerning the duration of the negotiations prior to the conflict waiver letter.

78. It is denied that the conflict waiver letter was inadequate. The averment of paragraph 78 of the complaint concerning the contents of the conflict waiver letter is denied to the extent inconsistent with the letter.

79. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 79 of the complaint.

80. The averments of paragraph 80 of the complaint are denied except to the extent they relate to absence of advice to seek independent counsel.

81. Defendants are without knowledge or information sufficient to form a belief about whether the document was a form.

82. Denied.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

83.  Denied.

84.  Defendants are without knowledge or information sufficient to form a belief about the truth of the first sentence of paragraph 84 of the complaint.  It is denied that Snack Factory owned intellectual property.  The remaining averments are denied.

85.  The averments of paragraph 85 of the complaint are denied to the extent inconsistent with the provisions of the product development agreement.

86.  The averments of paragraph 86 of the complaint are denied to the extent inconsistent with the provisions of the product development agreement.

87.  Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 87 of the complaint.

88.  The averments of paragraph 88 of the complaint are denied to the extent they are inconsistent with the product development agreement.

89.  The averments of paragraph 89 of the complaint are denied to the extent they are inconsistent with the product development agreement.

90.  Denied.

91.  Denied.

92.  The averments of paragraph 92 of the complaint are denied to the extent inconsistent with the product development agreement.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

93. This paragraph includes a conclusion of law to which no response is required.  The averments of this paragraph 93 of the complaint are denied to the extent inconsistent with the product development agreement.

94. Denied.

95. Denied.

96. This paragraph includes a conclusion of law to which no response is required.  The remaining averments are denied.

97. Defendants are without knowledge or information sufficient to form a belief about whether Pepperidge Farm asserted the position alleged in paragraph 97 of the complaint.  The remaining averments of paragraph 97 of the complaint are denied.

98. Denied.

99. Defendants are without knowledge or information sufficient to form a belief about whether Snack Factory had a compelling need to enter into the agreement.  The remaining averments of paragraph 99 of the complaint are denied.

100. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 100 of the complaint.

101. Admitted.

102. Denied.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

103. Defendants are without knowledge or information sufficient to form a belief about the source of the contract manufacturing agreement. The remaining averments of paragraph 103 are denied.

104. The averments in paragraph 104 are denied except that Snack Factory and Baptista's are collectively referred to as Copacker in the contract manufacturing agreement, and the agreement provided rights and certain obligations on Copacker.

105. Denied.

106. Denied.

107. The averment of paragraph 107 concerning the provisions of the contract manufacturing agreement is denied to the extent inconsistent with the written agreement. The remaining averments of paragraph 107 are denied.

108. Defendants are without knowledge or information sufficient to form a belief about whether Pepperidge Farms tried to "cut Snack Factory out of the process." The averments of paragraph 108 of the complaint concerning the provision of paragraph 2.7 are denied to the extent inconsistent with the provision in the contract manufacturing agreement. The remaining averments in paragraph 108 of the complaint are denied.

109. Denied.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

110. The averments of paragraph 110 of the complaint concerning the provision of paragraph 7.1 are denied to the extent inconsistent with the provisions of the contract manufacturing agreement. The remaining averments in paragraph 110 of the complaint are denied.

111. It is denied that the referenced August 5, 2006 written communication referred to "any agreement" or to the contract manufacturing agreement. The averments of paragraph 111 of the complaint are denied to the extent inconsistent with the referenced August 5, 2006 written communication.

112. Denied.

113. Denied.

114. Denied.

115. Paragraph 115 of the complaint includes a conclusion of law to which no response is required. The averments of paragraph 115 concerning the provisions of the contract manufacturing agreement are denied to the extent inconsistent with the written agreement.

116. Admitted.

117. Paragraph 117 of the complaint includes a conclusion of law to which no response is required. The averments concerning paragraph 2.1 of the contract manufacturing agreement are denied to the extent inconsistent with

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

the contract manufacturing agreement.  The remaining averments of

paragraph 117 of the complaint are denied.

118. It is denied that paragraph 2.1 of the contract manufacturing agreement

created the possibility that Pepperidge Farms would claim that it could

require Snack Factory to permit an unlimited number of products and in a

vast array of packages.  Defendants are without knowledge or information

sufficient to form a belief about the truth of the averment concerning the

expense to Snack Factory.

119. Paragraph 119 of the complaint is a conclusion of law to which no response

is required.  Any factual averments included in paragraph 119 of the

complaint are denied.

120. Paragraph 120 of the complaint includes a conclusion of law to which no

response is required.  The factual averments included in paragraph 120 of

the complaint are denied.

121. The averment of paragraph 121 of the complaint concerning schedule B to

the contract manufacturing agreement is denied to the extent inconsistent

with the contract manufacturing agreement.  The remaining averments of

paragraph 121 are denied.

122. Paragraph 122 includes a conclusion of law to which no response is

required.  Defendants are without knowledge or information sufficient to

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

form a belief about the truth of the averment concerning any positions asserted by Pepperidge Farms.

123. The averment of paragraph 123 of the complaint is a conclusion of law to which no response is required.  Any factual averments of paragraph 123 of the compliant are denied.

124. This paragraph includes conclusions of law to which no response is required. The remaining averments of paragraph 124 are denied.

125. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 125 of the complaint.

126. Denied.

127. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments of paragraph 127 of the complaint.

128. Paragraph 128 includes a conclusion of law to which no response is required.  Defendants are without knowledge or information sufficient to form a belief about the truth of the averment of paragraph 128 concerning the email.  The remaining averments in paragraph 128 are denied.

129. Defendants are without knowledge or information sufficient to form a belief about the truth of the averment about the date of the demand by Pepperidge Farms.

130. Denied.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

131. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 130 of the complaint.

132. Defendants are without knowledge or information sufficient to form a belief about the truth of the averments in paragraph 132 of the complaint.

133. Defendants are without knowledge or information sufficient to form a belief about whether the alleged offer was legally more significant than an expression of interest.

134. Defendants are without knowledge or information sufficient to form a belief about the date the alleged deal was supposed to close.  The averments concerning the claims and contentions by Pepperidge Farms in the action against Snack Factory are denied to the extent inconsistent with the complaint in the action by Pepperidge Farms against Snack Factory.  The allegations about incompetent representation and the allegation that the lawsuit and claims by Pepperidge Farms arose from incompetent representation are denied.

135. Denied.

136. Denied.

137. Defendants are without knowledge or information sufficient to form a belief about the truth of the averment concerning a reduced purchase price.  The

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

averment of paragraph 137 of the complaint attributing a reduced purchase price to negligence by defendants is denied.

## COUNT I

138. Defendants incorporate by reference the above answers.

139. The averments in paragraph 139 of the complaint is a conclusion of law to which no response is required.

140. Denied. Defendants did not breach a duty owed to Snack Factory.

141. Denied. Snack Factory and its members did not sustain damages due to actionable conduct by defendants.

WHEREFORE, defendants demand judgment in their favor and against plaintiff.

## COUNT II

142. Defendants incorporate by reference the above answers.

143. The averment of paragraph 143 is a conclusion of law to which no response is required.

144. Denied. Defendants did not breach a contract.

145. Denied. Snack Factory and its members did not sustain damages due to actionable conduct by defendants.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff cannot state a cause of action for which relief may be granted.

### Second Affirmative Defense

Venue is improper.

### Third Affirmative Defense

The claims are or may be time barred in whole or in part by the statute of limitations.

### Fourth Affirmative Defense

Plaintiff's settlement with Pepperidge Farms bars the claims asserted in this action.

### Fifth Affirmative Defense

Plaintiff is collaterally estopped from asserting a fact or contention plaintiff or its privy asserted in other proceedings in which plaintiff or its privy was a party.

### Sixth Affirmative Defense

Plaintiff is estopped to assert a position different from positions asserted in other proceedings in which plaintiff or its privy was a party.

### Seventh Affirmative Defense

Snack Factory waived the alleged conflict of interest associated with common representation of Baptista's.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

### Eighth Affirmative Defense

The alleged damages were due to the failure of Snack Factory to exercise care for its own protection and its recovery is barred or reduced by comparative or contributory negligence.

### Ninth Affirmative Defense

Snack Factory could have avoided the alleged damages without unreasonable burden, expense, or humiliation.

### Tenth Affirmative Defense

Snack Factory failed to mitigate its damages, if any.

### Eleventh Affirmative Defense

Plaintiff cannot assert claims in a representative capacity.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW

## Twelfth Affirmative Defense

The claims asserted in this action were waived.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

BY:   /s/ Jeffrey McCarron
Jeffrey B. McCarron
Kathleen Carson

SWARTZ CAMPBELL LLC
Two Liberty Place
50 South 16th Street
28th Floor
Philadelphia, PA 19102
(215) 564-5190
jmccarron@swartzcampbell.com

Attorneys for defendants,
Eizen, Fineburg & McCarthy P.C.,
Bernard Eizen and Robert Kelly

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE SNACK FACTORY, LLC, | : | Civil Action No. 3:09-CV-06482 |
| Plaintiff, | : | |
| v. | : | |
| EIZEN, FINEBURG & McCARTHY, P.C., BERNARD EIZEN, ROBERT KELLY and JOHN DOES 1-10, | : | **CERTIFICATE OF SERVICE** |
| Defendants. | : | September 21, 2010 |

I, Jeffrey B. McCarron, Esquire, counsel for defendants, hereby certify that a true and correct copy of the answer of defendants to complaint with affirmative defenses was served upon all parties listed below by first class, U.S. Mail, postage prepaid on September 21, 2010:

William J. Pinilis, Esquire
Pinilis Halpern
160 Morris Street
Morristown, NJ   07962

/s/ Jeffrey B. McCarron
Jeffrey B. McCarron

Dated: September 21, 2010